IN THE CIRCUIT COURT OF THE
4TH JUDICIAL CIRCUIT IN AND FOR
DUVAL COUNTY, FLORIDA

TERENCE HAMPTON,                                   Case No.: _____

Plaintiff,

v.

WILLIAMS SCOTSMAN, INC.,

Defendant.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, TERENCE HAMPTON, ("Plaintiff"), by and through the undersigned counsel, and pursuant to Rule 1.040, Florida Rules of Civil Procedure, hereby files this Civil Action against the Defendant, WILLIAMS SCOTSMAN, INC., ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $50,000 excluding attorney fees or costs, pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA") and 42 USC Section 1981, to redress injuries resulting from Defendant's unlawful, discriminatory treatment of Plaintiff.

2. Plaintiff is a person within a class of individuals protected by the FCRA.

3. Plaintiff was and continues to be a resident of Jacksonville, Florida; and was an employee of Defendant, performs duties as a Route Driver for the Defendant, within a company operated business facilitated, located in Jacksonville, Florida.

4. Defendant is an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. Stat. Section 760.01, et seq., ("FCRA") because it employs fifteen (15) or more employees for the applicable statutory period; and thus, it is subject to the employment discrimination provisions of the applicable statutes.

5. Plaintiff was at all times relevant to this action, working for Defendant in Duval County, Florida, within the jurisdiction of this Honorable Court.

6. Venue is proper in Duval County under Section 47.011 and 47.051, Florida Statutes, because all of the actions complained of herein occurred within the jurisdiction of Duval County, Florida and damages are in Duval County, Florida.

7. Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC), the agency which is responsible for investigating claims of employment discrimination.

8. All conditions precedent for the filing of this action before this Court have indeed been previously met, including the exhaustion of all pertinent administrative procedures and remedies. Plaintiff has received a Notice of Right to Sue from the EEOC.

## FACTUAL ALLEGATIONS

9. Plaintiff is a Black male.

10. Plaintiff is a member of a protected class because of his race and color.

11. At the time of his employment, Plaintiff's supervisors were White.

12. On or about August 17, 2019, Plaintiff was hired by Defendant as a Route Driver.

13. Throughout his employment, Plaintiff was given tasks which were more demanding than those given to other white employees.

14. Plaintiff noticed that white employees were hired for permanent positions, but black employees were only hired for temporary positions.

15. Plaintiff observed his white supervisors, Bryan Smith and Zack Crawford, engage in conversation and use curse words. On one occasion during his employment, Plaintiff was engaged in a private conversation and Zack Crawford overheard Plaintiff curse. Zack then suspended Plaintiff for three (3) days, but did not suspend Bryan Smith or other white employees who curse.

16. Throughout his employment, Plaintiff was called racial slurs by Bryan Smith.

17. Plaintiff complained about Bryan Smith to his supervisor, Zack, on multiple occasions.

18. On one occasion, Plaintiff was riding in a vehicle with Bryan when he asked Plaintiff, "What do you call a black man that does things half-ass?" When Plaintiff replied he did not know, Bryan responded, "Nigger rigging."

19. Throughout the course of Plaintiff's employment, Zack would follow Plaintiff to ensure he was doing his job correctly, sometimes for entire work days.

20. On or about June 3, 2021, Zack, Plaintiff's supervisor, asked Bryan Smith to lift a trailer. Bryan refused to do so, noting that it was unsafe to do so because of the trailer's age.

21. Zack then asked Plaintiff to lift the trailer. Plaintiff said no because of the trailer's age posing a safety risk.

22. Zack responded by telling Plaintiff he would have to "learn to do it" and would need to produce a doctor's note if he would not complete the task.

23. Zack did not instruct Bryan, a white employee, to produce a doctor's note in order to not have to do the task.

24. After this incident, Plaintiff texted Kim in the Human Resources Department advising that Bryan Smith had asked him to complete a dangerous task, and explained the circumstances. Kim informed Plaintiff that he would speak with Zack and Bryan about the situation.

25. On or about June 10, 2021, Plaintiff overheard a conversation between Zack and Bryan where Bryan said, "That negro got to go, I'm tired of him," to which Zack replied, "Yeah, I want him off my lot."

26. On or about June 22, 2021, Plaintiff was called into Zack's office, where Zack informed him that he had spoken to HR and was terminating Plaintiff.

27. Throughout his employment, Plaintiff was able to perform the essential functions of his job duties and responsibilities.

28. At all relevant times, Plaintiff performed his job at satisfactory or above-satisfactory levels.

29. Any reason proffered by Defendant for Plaintiff's termination is mere pretext for unlawful discrimination.

<u>**COUNT I**</u>
***DISCRIMINATION BASED ON RACE IN VIOLATION***
***OF THE FLORIDA CIVIL RIGHTS ACT***

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 above as if set out in full herein.

31. Plaintiff is a member of a protected class under the FCRA.

32. By the conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

33. Such discrimination was based upon the Plaintiff's race.

34. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's Race was unlawful but nonetheless acted in reckless disregard of the law.

35. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms conditions and privileges of Plaintiff's employment with the Defendant.

36. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

37. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

38. The conduct of Defendant, by and through the conduct of its agents, employees, and representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

39. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and/or federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

40. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief against the Defendant:

A.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B.  Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C.  Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D.  Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

E.  Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F.  Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.  For a money judgment representing prejudgment interest;

H.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I.  Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J.  Grant PLAINTIFF a trial by jury; and

K.  Grant such other and further relief as the Court deems just and proper.

## COUNT II
### *HOSTILE WORK ENVIRONMENT IN VIOLATION*
### *OF THE FLORIDA CIVIL RIGHTS ACT*

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 above as if set out in full herein.

42. Defendant is employer as that term is used under applicable statutes referenced above.

43. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting his under the FCRA.

44. Plaintiff is within a protected class as envisioned by the FCRA.

45. Defendant is liable for this conduct, either vicariously or directly, where Plaintiff complained to management about the harassment and abuse and no remedial or disciplinary action was undertaken.

46. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

47. These damages are continuing and are permanent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief against the Defendant:

    A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

    B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C.  Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D.  Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

E.  Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F.  Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.  For a money judgment representing prejudgment interest;

H.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I.  Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J.  Grant PLAINTIFF a trial by jury; and

K.  Grant such other and further relief as the Court deems just and proper.

## COUNT III
### *RETALIATION IN VIOLATION OF*
### *THE FLORIDA CIVIL RIGHTS ACT*

48. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 29 above as if set out in full herein.

49. Defendant is an employer as the term is used under the applicable statutes referenced above.

50. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting HIS under the FCRA.

51. The foregoing unlawful actions by Defendant were purposeful.

52. Plaintiff is a member of a protected class because he reported unlawful employment practices and was the victim of retaliation thereafter. There is a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

53. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

54. These damages are continuing and permanent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following relief against the Defendant:

    A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

    B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

    C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

    D. Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

    E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F.   Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.   For a money judgment representing prejudgment interest;

H.   Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I.   Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J.   Grant PLAINTIFF a trial by jury; and

K.   Grant such other and further relief as the Court deems just and proper.

## COUNT IV. DISCRIMINATION BASED ON RACE IN VIOLATION OF 42 U.S.C. §1981

55. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29 of this complaint as if set out in full herein.

56. At all times material hereto Defendant was an "employer" within the meaning of Section 42 U.S.C. §1981.

57. At all times material hereto, Plaintiff was an "employee" within the meaning of 42 U.S.C. §1981

58. At all relevant times, Plaintiff was and continues to be qualified for the position formerly held with the Defendant.

59. At all times material hereto, the Plaintiff's job performance was satisfactory or above satisfactory.

60. Plaintiff was terminated from his employment by Defendant.

61. Defendant has engaged in a pattern of continuous discrimination against Plaintiff.

62. During the course of his employment with the Defendant, the Plaintiff was continually and repeatedly subjected to severe and pervasive racial discrimination by Defendant's agents.

63. Defendant created a hostile work environment towards Plaintiff based on raced based comments to Plaintiff.

64. Defendant crafted and implemented a plan to eventually terminate Plaintiff based upon his race. Defendant also confected a subterfuge in an attempt to hide their blatant and unlawful discriminatory motivation.

65. Plaintiff was singled out for treatment in a discriminatory manner by Defendant because of his race.

66. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

67. The Plaintiff complained to the supervisor about the racial discriminatory attacks.

68. That same day, Plaintiff was terminated from his position with Defendant.

69. Defendant, through the actions of its agents, outrageously disregarded the requirements to investigate and remedy claims of discrimination.

70. The actions and language of the Defendant were so severe and pervasive as to alter the terms, conditions and/or privileges of his employment with the Defendant, and thereby creating a hostile work environment.

71. The actions of the Defendant were based upon the Plaintiff being a black individual. The Defendant subjected the Plaintiff to race based animosity.

72. The Plaintiff would have continued in his form of employment with entitlement to his wages and benefits but for the discriminatory conduct of the Defendant.

73. When the Defendant terminated the Plaintiff's employment, it retained all employees involved who exhibited discriminatory conduct upon the Plaintiff. The Defendant did so despite the knowledge of those employees engaging in discriminatory actions and/or comments and thereby fostering a hostile work environment for Black individuals.

74. The discrimination was based upon the Plaintiff's race, in that but for the fact that the Plaintiff is Black, he would not have been the object of discrimination.

75. As a result of the actions of the Defendant, as alleged herein, the Plaintiff has been deprived of his employment and has been exposed to ridicule and embarrassments and has suffered emotional distress and damage.

76. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff were in a position that possessed the authority to affect the terms, conditions, and privileges of the Plaintiff's employment with the Defendant.

77. The Plaintiff, by being subjected to this hostile and offensive work environment created by the Defendant, was unreasonably affected in a term, condition, or privilege of employment under applicable law in that his psychological well-being was seriously affected when the work place became hostile.

78. The conduct of the Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of his statutory right under federal law.

79. The actions of the Defendant and/or agents were willful, wanton, and intentional and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

80. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant's discriminatory practices unless and until this Court grants relief.

81. The Plaintiff has retained undersigned counsel to prosecute his claim and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

 a. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and

 b. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

 c. Award Plaintiff as to this count prejudgment interest; and

 d. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

 e. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

 f. Plaintiff demands a trial by jury.

**COUNT V. RETALIATION IN VIOLATION OF 42 U.S.C. §1981**

82. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-28 of this complaint as if set out in full herein.

83. Plaintiff and Defendant had a contractual relationship.

84. Defendant precluded Plaintiff from performing the stated contractual relationship when Defendant terminated Plaintiff.

85. Defendant terminated Plaintiff's contractual relationship in retaliation for Plaintiff's opposition to unlawful employment practices based on race as more particularly described above.

86. Plaintiff was unable to enjoy all the benefits, privileges, terms and conditions of the contractual relationship.

87. Defendant has acted with malice and/or reckless disregard for Plaintiff's protected rights.

88. Defendant retaliated against Plaintiff for his complaints of race discrimination and but for his complaint Plaintiff was terminated by Defendant.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

a. Enter judgment for Plaintiff and against the Defendant on the basis of Defendant's willful violations of 42 U.S.C. §1981; and

b. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

c. Award Plaintiff as to this count prejudgment interest; and

d. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

e. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

    f.   Plaintiff demands a trial by jury.

**<u>JURY DEMAND</u>**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: March 22, 2023                Respectfully submitted,

                                           */s/ Jason Remer*
                                           Jason S. Remer, Esq.
                                           Florida Bar No.: 0165580
                                         JRemer@rgph.law
                                         **REMER, GEORGES-PIERRE,**
                                         **& HOOGERWOERD, PLLC**
                                         2745 Ponce De Leon Blvd
                                         Coral Gables, FL 33134
                                         Telephone: (305) 416-5000
                                         Facsimile: (305) 416-5005
                                         *Counsel for Plaintiff*